UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05099-SVW-SSC | Date | June 1, 2026 |
| Title | *Michael Tito et al v. State of California et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**       ORDER DISMISSING THE ACTION

## I.       Introduction

Before this Court is an ex parte application for a temporary restraining order, filed by Plaintiffs Leslie Hakala and Michael Tito ("Plaintiffs") on May 12, 2026. ECF No. 3. The application requests that the Court enjoin Los Angeles Superior Court from conducting a "Trial Readiness Conference" in the case, *Tito v. Insight Multi-Strategy U.S. Partners, LLC, et. al.,* No. 22SMCV01839 (the "State Action"). Furthermore, Plaintiffs seek to enjoin Defendants State of California, Judicial Council of California, Superior Court of California, Judge Michael E. Whitaker, and Deputy Clerk Timothy Paez ("Defendants") from applying a procedure whereby disability accommodations to access court proceedings for non-court-employees are determined without an individualized, interactive process. *Id.* However, though the suit is styled as a federal case—with causes of action under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Violation of Fourteenth Amendment rights under 42 U.S.C. § 1983, it is evident that the true nature of the suit is a challenge to the decisions of a judge in a pending state court action. The Court therefore cannot exercise jurisdiction over the case and dismisses the action, *sua sponte*.

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05099-SVW-SSC | Date | June 1, 2026 |
| Title | *Michael Tito et al v. State of California et al* | | |

## II.    Relevant Background

In the State Action, in Superior Court of Los Angeles, Plaintiff Tito is a defendant and Plaintiff Hakala is his counsel of record. On July 7, 2025, after Plaintiff Tito failed to comply with discovery despite a court order, Defendant Judge Whitaker, presiding in the State Action, granted a motion for evidentiary sanctions against Plaintiff Tito. Plaintiff Tito pursued several challenges to that order, but none succeeded. First, he filed a motion for reconsideration, arguing that the excusable neglect of his attorney, Plaintiff Hakala, was responsible for the discovery misconduct. On October 7, 2025, Defendant Judge Whitaker found that Plaintiff Hakala's behavior was not fully excused and denied to reconsider the sanctions order or set aside judgment. Then, on December 22, 2025, Plaintiff Hakala filed a Form MC-410 Disability Accommodation Request, seeking "ADA compliant re-hearings" to relitigate Plaintiffs' failure to comply with discovery and the resulting order for evidentiary sanctions. ECF No. 22 at 40. On January 12, 2026, after initially, in error, granting the MC-410 request for re-hearings, Defendant Judge Whitaker ultimately denied it on the grounds that to approve would "fundamentally alter the nature of court services, programs, and activities." *Id.* at 22. Judge Whitaker also noted that the state court could only consider the requested relief of rehearing the discovery and sanctions issues if it was requested in a properly filed and noticed motion. *Id.*

Plaintiffs filed such a motion on January 14, 2026, relying largely on Plaintiff Hakala's declaration chronicling her medical excuses for failing to comply with discovery, appear at hearings, or abide by a court order. However, Defendant Judge Whitaker again denied relief, finding that the medical incapacitation did not explain Plaintiff Hakala's failure to timely alert the state court about her circumstances, and it did not account for Plaintiff Hakala's behavior during periods when Hakala was actively billing for work she was doing on the case. On January 23, 2026, Plaintiff Tito filed a "Request for ADA-Compliant Rehearings," which again attempted to re-litigate the discovery dispute and the sanctions order. On March 20, 2026, Defendant Judge Whitaker denied Tito's request. Plaintiffs continued to challenge the state court's rulings through writs filed with the Second Appellate District Court of Appeals, but the petitions were summarily denied.

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-05099-SVW-SSC | Date | June 1, 2026 |
|---|---|---|---|
| Title | *Michael Tito et al v. State of California et al* | | |

Finally, on May 11, 2026, Plaintiff Hakala filed another MC-410 request in the State Action requesting "accessible replacement proceedings." Declaration of Leslie Hakala, ECF No. 8 ¶ 16. On May 12, 2026, Plaintiffs filed the instant case before this Court, alongside an ex parte application for temporary restraining order, trying to prevent the State Action from going forward with the evidentiary sanctions in place.

## III.    Discussion

Under the Abstention Doctrine, espoused by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), there is a "strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610 (9th Cir. 2000) (citation omitted). A district court may dismiss an action sua sponte based on the *Younger* abstention doctrine. *See Agustin v. Cnty. of Alameda*, 234 Fed. Appx. 521 (9th Cir.2007) (*citing Younger*, 401 U.S. at 91). Though often applied in criminal cases, the *Younger* abstention doctrine also applies in civil contexts when an important state interest is at stake. *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (applying the doctrine when a State's contempt process is involved because "the contempt power lies at the core of the administration of a State's judicial system"). In the Ninth Circuit, in civil cases, "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (citation omitted).

Here, the State Action is ongoing, with a Trial Readiness Conference scheduled for June 1, 2026. The essence of Plaintiffs' complaint is that the judge in the State Action improperly imposed evidentiary sanctions to the detriment of Plaintiffs ability to argue their case at trial. In other words, the challenged action is the state court judge's order imposing sanctions for failure to comply with a prior order compelling production in discovery. The action therefore directly involves the state's interest in enforcing its orders and judgments. Moreover, a state court's discretion to impose sanctions for failure to comply with its discovery orders is, like its contempt power, core to the administration of its judicial system. *Marciano v. White*, 431 F. App'x 611, 614 (9th Cir. 2011). The final "adequate opportunity" prong requires

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-05099-SVW-SSC | Date | June 1, 2026 |
|---|---|---|---|

| Title | *Michael Tito et al v. State of California et al* |
|---|---|

only the absence of "procedural bars" to raising a federal claim in the state proceedings. *Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Here, no such bar exists. Plaintiffs are free to challenge the trial court's rulings through petitions for writ from the appellate court or through appeal of a final judgment.

Furthermore, beyond the attempt to enjoin the forthcoming state trial, to the extent that Plaintiffs claim Defendants' application of a 'non-engagement' review system for disability accommodation requests violates the Americans with Disabilities Act, the Rehabilitation Act, or the Fourteenth Amendment, Plaintiffs do not sufficiently allege particularized injuries to have standing to bring suit. The complaint itself does not allege, nor do the judicially noticeable orders in the State Action reveal that Defendants denied a specific request for accommodation made by Plaintiff Hakala. The only specific request for a disability-based accommodation alleged in the complaint is the October 2023 MC-410 Request, formally disclosing a disability and requesting a particular chair and special permissions in the courtroom. Complaint, ECF No. 1 ¶ 25. The complaint concedes that Defendant Judge Whitaker granted that request, and there is no allegation that accommodations were not provided. *Id.* ¶ 26. Based on the record before this Court, the only accommodation request that Defendant Judge Whitaker denied was a request for "ADA-compliant re-hearings." However, this does not create an injury. *First*, there is no allegation that the original hearings were not ADA-compliant in that Plaintiff was barred from attendance by a denied accommodation. *Second*, the record is clear that Defendant Judge Whitaker did not hold non-compliant re-hearings because he did not conduct re-hearings at all. As for the forthcoming Trial Readiness Conference and pending MC-410 request, it is not apparent that reasonable accommodations for attendance will be denied. Until such a denial, that controversy is not ripe for resolution.

## IV.    Conclusion

For the foregoing reasons, the Court concludes that it lacks jurisdiction to address this suit. The case is therefore DISMISSED. All pending motions are MOOT.

**IT IS SO ORDERED.**

:

| Initials of Preparer | DTA |
|---|---|